IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01567-BNB

KENNETH STIGER,

Applicant,

v.

WARDEN J. OLIVER,

Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Kenneth Stiger, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Stiger initiated this action by filing *pro se* an "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 1) and a "Memorandum in Support of Habeas Corpus" (ECF No. 2). On June 26, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Stiger to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255. On July 16, 2014, Mr. Stiger filed "Appellant's Response to 'Show Cause' Order" (ECF No. 7).

The Court must construe the papers filed by Mr. Stiger liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for lack of statutory jurisdiction.

Mr. Stiger was convicted in the United States District Court for the Northern District of Oklahoma of crimes related to drug distribution and he was sentenced to life in prison. *See United States v. Stiger*, 413 F.3d 1185, 1189 (10th Cir.), *cert. denied*, 546 U.S. 1049 (2005). On direct appeal, the United States Court of Appeals for the Tenth Circuit affirmed in part, reversed in part, and remanded the case with instructions to hold an evidentiary hearing on Mr. Stiger's motion for a mistrial based on an alleged conflict of interest. *See id.* On remand, the trial court held an evidentiary hearing, determined there was no conflict of interest, and denied the motion for a mistrial. *See United States v. Stiger*, No. 00-CR-126-HDC, 2006 WL 2990525 (N.D. Okla. Oct. 19, 2006). The trial court's order denying the motion for a mistrial was affirmed on appeal. *See United States v. Stiger*, 251 F. App'x 508 (10th Cir. 2007), *cert. denied*, 552 U.S. 1331 (2008). Mr. Stiger acknowledges that he also has challenged his convictions and sentence in the trial court in a motion pursuant to 28 U.S.C. § 2255. The trial court denied the § 2255 motion. *See United States v. Stiger*, Nos. 00-CR-0126-007-CVE, 09-CV-0194-CVE, 2009 WL 4016068 (N.D. Okla. Nov. 19, 2009).

Mr. Stiger asserts four claims for relief in the application. He specifically contends that his sentence no longer is lawful in light of *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010) (claim one), that the trial court lacked authority to impose a life sentence in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (claim two), that the trial court improperly increased his sentence from the floor to the ceiling based on a preponderance of evidence standard (claim three), and that the trial court's reliance on prior state convictions to enhance his sentence no longer is lawful under *Decamps v. United States*, 133 S. Ct. 2276 (2013) (claim four).

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear to the Court, and Mr. Stiger does not dispute, that he is challenging the validity of his sentence in this habeas corpus action. Therefore, his claims must be raised in the Northern District of Oklahoma in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Mr. Stiger bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to §

2255 is inadequate or ineffective is whether Mr. Stiger's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Mr. Stiger argued in the application that he should be allowed to raise his claims in this action because relevant caselaw was firmly against him when he filed his § 2255 motion and because he is actually innocent of the sentence enhancement. As Magistrate Judge Boland noted, these arguments lack merit because the Tenth Circuit in *Prost* specifically rejected the erroneous circuit foreclosure test, *see Prost*, 636 F.3d at 590-93, and because, "[u]nder the *Prost* framework, a showing of actual innocence is irrelevant," *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013).

Mr. Stiger does not present any reasoned argument with respect to the *Prost* test in his response to Magistrate Judge Boland's show cause order and he fails to demonstrate that his claims could not have been raised in an initial § 2255 motion. Instead, he asks the Court to construe the application liberally as an application to file a second or successive motion pursuant to 28 U.S.C. § 2255(h)(2). This request must be denied because "[a] second or successive motion must be certified . . . by a panel of the appropriate *court of appeals* . . . ." 28 U.S.C. § 2255(h) (emphasis added). A district court lacks authority to authorize a second or successive § 2255 motion.

For these reasons, the Court finds that Mr. Stiger fails to demonstrate the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. Therefore, the application must be dismissed for lack of statutory jurisdiction. *See Abernathy*, 713 F.3d at 557. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and

therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for lack of statutory jurisdiction because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 1st day of August, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court